**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ROBERT VANDAL,  :
                      : Civil Action No. 10-0143 (SRC)
         Petitioner,  :
                      :
      v.  : **OPINION**
                      :
KAREN BALICKI, et al.,  :
                      :
         Respondents.  :

**APPEARANCES:**

Petitioner pro se
Robert Vandal
South Woods State Prison
215 Burlington Road South
P.O. Box 6000
Bridgeton, NJ 08302

**CHESLER**, District Judge

      Petitioner Robert Vandal, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Karen Balicki and the Attorney General of New Jersey.

I.  BACKGROUND

The relevant factual and procedural history is set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> Following a jury trial, defendant was convicted of murder on November 17, 1994, and was sentenced to life imprisonment with thirty years of parole ineligibility on February 24, 1995. The trial court also imposed a $10,000 fine and ordered defendant to pay $10,000 to the Victims of Crime Compensation Board (VCCB). On May 12, 1997, we affirmed defendant's conviction and sentence on direct appeal, except to reverse the assessment of the $100,000 fine and to remand for reconsideration of the $10,000 VCCB board penalty. State v. Vandal, No. A-5333-94T4 (App.Div. May 12, 1997). On [July 11], 1997, the Supreme Court denied defendant's petition for certification. State v. Vandal, 151 N.J. 76, 697 A.2d 548 (1997).
>
> [On October 2,] 1998, defendant filed his first PCR petition claiming ineffective assistance of trial counsel. In that petition, he asserted that while his trial counsel raised the intoxication and diminished capacity defense, he did not fully develop them at trial. In denying the petition on May 11, 2001, the court noted that these defenses were presented at trial

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

In addition, this Court will take judicial notice of the dockets of other courts in cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

and concluded that there was no basis upon which to hold an evidentiary hearing under State v. Preciose, 129 N.J. 451, 609 A.2d 1280 (1992). We affirmed denial of defendant's petition. State v. Vandal, No. A-6728-00T4 (App.Div. Jan. 22, 2003). In that opinion we stated:

> As this court noted [on direct appeal], "[d]efendant admitted killing Pamela Dare.... The real question in the case was whether defendant was so intoxicated that he could not form the intent necessary for first-degree murder or whether his passions were so aroused as to reduce the level of his culpability." State v. Vandal, supra, slip op. at 6. The centerpiece of defendant's defense was intoxication and diminished capacity. No additional information has been presented which would call for an evidentiary hearing when those very defenses were presented and rejected by the jury.
>
> Insofar as defendant attacks the representation of PCR counsel, we not that an attorney has only limited ammunition and cannot manufacture evidence that does not exist. State v. Velez, 329 N.J.Super. 128, 133, 746 A.2d 1073 (App.Div. 2000) (recognizing that an attorney is not required to "craft[] a defense when none actually exists" to provide effective assistance of counsel).

On May 22, 2003, the Supreme Court denied defendant's petition for certification. State v. Vandal, 176 N.J. 430, 824 A.2d 159 (2003). On May 11, 2004, defendant filed a petition for [federal] habeas corpus relief. It was denied as untimely in an opinion and order filed November 30, 2005. Robert Vandal v. Roy L. Hendricks, et al., Civil No. 04-2360 (JAP). On June 2, 2006, the Third Circuit Court of Appeals denied defendant's request for a certificate of appealability.

Defendant filed a second PCR petition in September 2007, which was denied by Judge Austin in an order and opinion of December 11, 2007. The court cited Rule 3:22-12, which states:

> A petition to correct an illegal sentence may be filed at any time. No other petition shall be filed pursuant to this rule [for post-conviction relief] more than 5 years after the rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect.

The court recognized it could relax the time bar to prevent injustice but only under exceptional circumstances, after consideration of "the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Afanador, 151 N.J. 41, 52, 697 A.2d 529 (1997). The court further noted that "absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." State v. Milne, 178 N.J. 486, 492, 842 A.2d 140 (2004) (quoting Afanador, supra, 151 N.J. at 52, 697 A.2d 529).

Judge Austin evaluated defendant's petition, particularly noting that the second PCR petition was filed twelve years after defendant's conviction and six years after denial of his first PCR petition. Moreover, defendant provided no explanation as to the reason for his delay. Defendant also raised the same claims of ineffective assistance of his trial counsel that were addressed and rejected in his first PCR petition and the subsequent appeal. Accordingly, Judge Austin concluded that there was "no cause for the delay, the merits of [defendant's] case have already been litigated, there is no real threat that a Constitutional right has been violated, and the delay is excessive."

. . .

Defendant's petition is woefully out of time. To the extent that defendant's excuse is that he pursued federal habeas corpus relief in the interim, those proceedings will not be deemed to toll the five year period prescribed by Rule 3:22-12. ... Moreover, that federal relief was denied for being untimely. In

> addition, as stated by Judge Austin, defendant is merely rehashing old claims that have been previously rejected on direct appeal and on the prior PCR as unmeritorious. We find no excusable neglect, no fundamental injustice, and no deprivation of constitutional rights sufficient to warrant relaxation of the five-year bar on the filing of defendant's PCR petition. ...

State v. Vandal, 2009 WL 649067 (N.J.Super. App.Div. March 16, 2009). On September 11, 2009, the Supreme Court of New Jersey denied certification in Petitioner's second state PCR petition. State v. Vandal, 200 N.J. 368 (2009).

In this Petition, dated December 18, 2009,[2] Petitioner challenges his conviction on the grounds that he was denied effective assistance of trial counsel, because counsel failed to establish an intoxication defense and failed to ask the trial court to include a passion/provocation charge in the jury instructions.[3]

---

[2] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Here, Petitioner's Petition is deemed filed on December 18, 2009.

[3] A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

5

II. <u>ANALYSIS</u>

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[4] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] The limitations period is applied on a claim-by-claim basis. <u>See</u> <u>Fielder v. Verner</u>, 379 F.3d 113 (3d Cir. 2004), <u>cert. denied</u>, 543 U.S. 1067 (2005); <u>Sweger v. Chesney</u>, 294 F.3d 506 (3d Cir. 2002). Here, § 2244(d)(1)(A) applies to all of Petitioner's claims.

6

> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some

>jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). <u>Pace v. Diguglielmo</u>, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in

8

which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 534 U.S. 944 (2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. <u>Jones</u>, 195 F.3d

9

at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Petitioner's state court criminal judgment became "final" for federal habeas purposes on October 9, 1997, ninety days after the Supreme Court of New Jersey denied certification in Petitioner's direct appeal on July 11, 1997.  Thus, to be timely, Petitioner's federal habeas petition was due to be filed by October 9, 1998, unless statutorily or equitably tolled.  Here, the limitations period ran until Petitioner filed his first state PCR petition on October 2, 1998.  That first state PCR petition was "properly filed" and pending under state law through May 22, 2003, when the Supreme Court of New Jersey denied certification.  Accordingly, the federal limitations period began to run again on May 23, 2003, and the one-year limitations period expired on Monday, June 2, 2003, unless further grounds for statutory or equitable tolling existed.

Certainly, no further grounds for statutory tolling existed. The state courts found Petitioner's second state PCR petition to be untimely; accordingly, it was not "properly filed" and does not toll the federal limitations period. Nor does Petitioner's first, untimely, federal habeas petition statutorily toll the federal limitations period. Nor has Petitioner alleged any grounds for equitable tolling. Instead, it appears that the limitations period continued to run uninterrupted until this Petition was filed on December 18, 2009, the date of the Petition, more than six years after the § 2254 limitations period expired. The Petition appears to be time-barred.

### III. CONCLUSION

For the reasons set forth above, the Petitioner will be ordered to show cause why the Petition should not be dismissed as time-barred. An appropriate order follows.

Stanley R. Chesler
United States District Judge

Dated: 2/1/10